UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| MARLENE COLLETT | * | CIVIL ACTION NO. 16-15908 |
| | * | |
| | * | SECTION: "A"(1) |
| VERSUS | * | |
| | * | JUDGE JAY C. ZAINEY |
| | * | |
| GEICO CASUALTY CO., ET AL. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court are the Motion to Compel Discovery filed by defendant GEICO Casualty Company ("GEICO")[1] (Rec. Doc. 23) and the Motion to Limit the Deposition of Plaintiff's Treating Physician and Medical Expert filed by plaintiff Marlene Collett (Rec. Doc. 21). These cross motions both address the question of whether plaintiff's treating physician and medical expert, Dr. David Petersen, will be required to testify regarding accusations of fraud that may have been made against him. For the following reasons, both motions are DENIED.

Background

This lawsuit arises out of a motor vehicle accident that occurred on February 10, 2016. Ms. Collett alleges that she suffered back, neck, arm, hand, and knee injuries when she was rear-ended by a vehicle operated by defendant Jonathan Morgan and owned by defendant Paul Morgan. GEICO provided liability insurance on the vehicle. Ms. Collett underwent multiple epidural steroid injections in her neck and eventually a posterior cervical facet fusion.

Dr. Petersen treated Ms. Collett and performed the cervical fusion surgery. He was deposed by telephone on June 15, 2017. He was asked about his involvement with Orthopedic Development

---

[1] GEICO requests that, in the alternative, that the witness at issue be excluded. GEICO devotes little argument in its memorandum in support to this form of relief. The appropriate mechanism to exclude a witness is by a Motion in Limine, which should be set before the District Judge. This portion of GEICO's motion is denied without prejudice.

1

Corporation, and he testified that he was one of the company's founders but that he has had no involvement with the company for seven years. He testified that the company's CEO "got himself into a lot of hot water, and I basically walked away." Dr. Petersen also testified that the company's name was changed to minSURG and then to minSURG international. In its memorandum in support, counsel for GEICO points out that Dr. Petersen's CV lists "Medical Director/CEO/Chairman/Founder minSURG International Corporation." The CV does not specify whether this is a former or current position.

During the June 15, 2017, deposition, counsel for GEICO asked Dr. Petersen whether anyone had accused him of fraud in connection with Orthopedic Development Corporation or minSURG. Counsel for the plaintiff stated that he believed the question was harassing to Dr. Petersen. Dr. Petersen then declined to answer the question. Counsel for GEICO reserved GEICO's rights regarding Dr. Petersen's refusal. Counsel for the plaintiff did not make a motion during the deposition to limit the deposition due to harassment. Counsel for GEICO did not seek the Court's assistance in obtaining Dr. Petersen's testimony at the time of the deposition. It appears from the transcript that the deposition lasted little over an hour.

Following the deposition, GEICO moved to compel Dr. Petersen to answer this question about accusations of fraud and all follow up questions at plaintiff's cost, plus an award of attorney's fees and costs associated with the filing of the motion. The same day, Ms. Collett filed a motion to limit the deposition of Dr. Petersen on the grounds that GEICO's line of questioning is harassing to Dr. Petersen, is irrelevant to his treatment of Ms. Collett, and is not admissible at trial.

Law and Analysis

1. *Discovery Standards*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). In determining proportionality, the parties (and the Court if called to weigh in) should consider:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. Proc. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

A party may move for an order compelling a discovery response when a deponent fails to answer a deposition question during a Rule 30 deposition. Fed. R. Civ. Proc. 37(a)(3)(B) see Ferrand v. Schedler, No. CIV.A. 11-926, 2012 WL 3016219, at *1 (E.D. La. July 23, 2012) ("When a witness fails to answer a deposition question, either upon instruction from counsel or by his own refusal, a motion to compel and for recovery of attorneys' fees and expenses is the appropriate remedy."). Under Rule 30, a person may only instruct a deponent not to answer a question "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion [to terminate or limit the deposition] under Rule 30(d)(3)." Fed. R. Civ. Proc. 30(c)(2). The only basis to move to terminate or limit a deposition is on the grounds that "it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. Proc. 30(d)(3). Such motion must be made during the

deposition. Id.; see Holmes v. N. Texas Health Care Laundry Coop. Ass'n, No. 3:15-CV-2117-L, 2016 WL 2609995, at *5 (N.D. Tex. May 6, 2016).

  2. *GEICO's Motion to Compel*

GEICO argues that Dr. Petersen must be compelled to testify regarding his involvement in litigation and allegedly fraudulent practices because such testimony "is reasonably calculated to lead to discovery of admissible evidence."[2] It adds that this "constitutes a promising topic of inquiry, fraught with potential for material for cross-examination." GEICO attaches an article pulled from sharesleuth.com dated June 8, 2007, which claims that Sharesleuth examined documents given to patients and investors in Orthopedic Development Corporation and found "contradictions" in the company's story. On the basis of this article, GEICO believes that Dr. Petersen was subject to accusations of large-scale financial and medical fraud related to a lack of clinical data to support representations regarding prior use of a medical device marketed by Orthopedic Development Corporation. GEICO insists it must determine "whether this is the tip of an iceberg, or an isolated occurrence, what the actual facts were, and what allegations and findings were made against the witness."

Ms. Collett opposes the motion to compel. She points out that Dr. Petersen is not a party to this action and argues that questions about Dr. Petersen's involvement with Orthopedic Development Corporation or minSURG over seven years ago are merely an attempt to harass Dr. Petersen and are completely unrelated to his treatment of Ms. Collett. Citing rules of evidence, she submits that further testimony on accusations of fraud do not make Dr. Petersen's opinions of Ms. Collett's condition or recollections of his treatment of Ms. Collett any more or less probable and

---
[2] The Court notes that this standard is now outdated.

that except for criminal convictions, extrinsic evidence of Dr. Petersen's conduct will not be admissible at trial to attack his character.

In reply, GEICO argues that Dr. Petersen is more than a third party because he is the son-in-law of the plaintiff and he has a bill outstanding for medical services in excess of $59,000 that he has agreed not to collect on pending this lawsuit. GEICO points out that admissibility of the information it seeks is not relevant to the Court's determination of discoverability because under Rule 26, information "need not be admissible in evidence to be discoverable." It adds that Dr. Petersen was not "repeatedly" asked questions about his involvement with Orthopedic Development Center. Finally, GEICO argues that an additional Rule 37 conference should not be required since the parties conferred on the issue at the deposition.

The Court will not compel Dr. Petersen to appear for a second deposition to answer GEICO's proposed line of questions. Importantly, there does not appear to be any dispute that Dr. Petersen was not *convicted* of fraud in connection with minSURG and the Orthopedic Development Corporation. Evidence of a fraud related *conviction* could be admissible under Federal Rule of Evidence 609(a), which provides for admission of evidence that a witness has been convicted of a crime punishable by death or imprisonment in excess of one year or a crime involving "an act of dishonesty or false statement by the witness." However, in the absence of any conviction, GEICO's inquiries into *accusations* of fraud in connection with a medical device business venture that Dr. Petersen has not been involved with for seven years is nothing more than a fishing expedition. Whether Dr. Petersen was *accused* of fraud in connection with bringing a medical device to market over seven years ago is of no consequence to the issues in this case. While prior *acts of fraud* could be relevant to determining whether a witness is testifying truthfully, here, GEICO seeks to discover not acts of fraud, but *accusations* of fraud. As plaintiff points out,

presenting any testimony of *accusations* of fraud at trial would be impermissible under Federal Rule of Evidence 608(b), which provides that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness . . . may not be proved by extrinsic evidence." In some circumstances the court might allow a witness to be questioned on cross-examination at trial regarding *specific acts of fraud* by the witness. Fed. R. Evid. 608(b) ("Specific instances of the conduct of a witness . . . may . . . in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness concerning the witness' character for the truthfulness or untruthfulness . . . ."); see United States v. Sanders, 343 F.3d 511, 519 (5th Cir. 2003) ("Fraud has been held to be probative of a witness's character for truthfulness or untruthfulness.").

Even if GEICO sought to question Dr. Petersen about prior *acts* of fraud in his deposition, if it sought to do so at trial, the Court would have to consider whether such questions satisfy Federal Rule of Evidence 403. Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. See United States v. Farias-Farias, 925 F.2d 805, 809 (5th Cir. 1991) (explaining that when allowing cross-examination regarding specific instances of conduct under Rule 608(b), "the probative value of the testimony must substantially outweigh the prejudicial value under Rule 403."). The undersigned is doubtful that GEICO's questions would satisfy this standard. Of course the Court recognizes that the scope of discovery is not constrained by the admissibility of the sought after information at trial. However, in light of the likelihood that the information GEICO seeks to discover will not be admissible at trial, the Court finds that GEICO is mistaken in asserting that this "constitutes a promising topic of inquiry, fraught with potential for material for cross-examination."

Moreover, the purported fraud is not related to the testimony that Dr. Petersen will be called to give at trial. Dr. Petersen is Ms. Collett's treating physician and an expert witness. In these capacities, Dr. Petersen will be testifying about his treatment of Ms. Collett and his opinions about her condition. The information that GEICO seeks to discover does not appear to involve any dishonesty in the treatment of patients or the providing of expert opinion testimony. The information relates to a medical device business venture and accusations leveled in an article written nearly ten years ago. But Dr. Petersen will not be testifying about the testing of medical devices. In light of its minimal relevance, in conjunction with its inadmissibility at trial, the sought after information is not proportional to the needs of the case and the Court will not compel their discovery.

The Court notes that at the deposition, Ms. Collett's counsel misstated his right to instruct a deponent not to answer "questions if they're considered harassing." While he is correct that he may move to limit or terminate a deposition that has become oppressive, he must do so at the time.[3] Ultimately, however, Ms. Collett's counsel only suggested that Dr. Petersen might not wish to answer questions about accusations of fraud and the parties did not seek court intervention during the deposition.

3. *Ms. Collett's Motion to Limit Dr. Petersen's Testimony*

Ms. Collett argues that Dr. Petersen's deposition should be limited pursuant to Rule 30(d)(3). As noted above, Rule 30(d)(3) contemplates that such motions be made during the offending deposition. Ms. Collett did not do so. To the extent that Ms. Collett seeks a protective order limiting the scope of discovery, she has failed to brief the issue. Further, GEICO has failed

---

[3] As noted above, a deponent can only be instructed not to answer to preserve a privilege, enforce a court ordered limitation, or to present a motion to limit or terminate the deposition.

to respond to Ms. Collett's motion at all. Because, as discussed above, the Court finds that GEICO is not entitled to an order compelling further testimony by Dr. Petersen and because the deposition of Dr. Petersen has already been conducted, Ms. Collett's Motion is moot.

## Conclusion

For the foregoing reasons, the Motion to Compel is DENIED and the Motion to Limit the Deposition of Dr. Petersen is DENIED as moot. Further, for the reasons stated in Footnote 1, GEICO's alternative Motion to Exclude the Testimony of Dr. Petersen is DENIED without prejudice.

New Orleans, Louisiana, this 3rd day of August, 2017.

*[signature]*
Janis van Meerveld
United States Magistrate Judge