UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARLENE COLLETT                    CIVIL ACTION

VERSUS                             NO: 16-15908

GEICO CASUALTY CO., ET AL.         SECTION: "A" (1)

**ORDER AND REASONS**

The following motion is before the Court: **Motion to Exclude/ Limit the Testimony of Calum McRae (Rec. Doc. 39)** filed by Plaintiff, Marlene Collett. Defendant GEICO Casualty Co. opposes the motion. The motion, submitted on October 4, 2017, is before the Court on the briefs without oral argument.[1]

The parties have stipulated that plaintiff Marlene Collett and defendant Jonathan Morgan were involved in an automobile accident on February 10, 2016. Morgan was solely at fault for causing the accident. At the time of the accident, the Ford truck driven by Morgan was insured by policies of insurance issued by defendant GEICO. (Rec. Doc. 36, Joint Stipulations). This case will be tried to a jury on November 27, 2017, as to medical causation and damages. (Rec. Doc. 12, Scheduling Order).

Plaintiff seeks via this motion in limine to exclude or at least limit the testimony of Calum McRae, Ph.D., who GEICO retained to offer an opinion that the subject accident did not cause Collett's physical injuries. Collett argues that McRae is attempting to

---

[1] Collett has requested oral argument but the parties' memoranda are sufficient.

1

testify as to issues of medical causation which he is not qualified to provide given that he is not a physician.

GEICO's answer to this contention is that McRae is not offering opinions regarding diagnosis or treatment, which would be medical in nature. Rather McRae proposes to testify whether a causal relationship exists between Collett's cervical spine injuries and the subject incident, which would be biomechanical in nature.

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; the testimony is based on sufficient facts or data; the testimony is the product of reliable principles and methods; and the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. Pursuant to the principles of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the district court acts as gatekeeper to prevent prejudice from unreliable scientific expert testimony. The district court has the discretion to exclude expert testimony that is unnecessary because the jury can adeptly assess the situation using its own common sense and knowledge. *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990). The proponent of expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence. *See United States v. Griffith*, 118 F.3d 318, 323 (5th Cir. 1997).

The Court agrees with Collett's contention that McRae's proposed testimony goes beyond the area of expertise that McRae is qualified to testify about.[2] Merely suffusing the lengthy report in terms of "biomechanical" expertise does not solve the problem. Collett recognizes that McRae may be qualified to give an opinion regarding the amount of force that he believes was generated by the accident and the observed effect of such force on a hypothetical human body in a comparable accident. (Rec. Doc. 39-1, Memorandum in Support at 11). McRae will therefore be allowed to testify as such. But McRae will not be allowed to opine as to whether the specific injuries and back conditions that Collett has were caused by the accident in this case. In other words, McRae will not be allowed to opine as to specific causation in this case and the motion in limine is granted in this respect.[3] A *Daubert* hearing is not necessary.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Exclude/ Limit the Testimony of Calum McRae (Rec. Doc. 39)** filed by Plaintiff, Marlene Collett is **GRANTED IN PART AND DENIED IN PART** as explained above.

October 11, 2017

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2] Further, the surfeit of footnotes that McRae included in his report citing to outside publications, ostensibly to establish reliability, raise the specter that some of McRae's conclusions are foundered more on hearsay than on his own expertise.

[3] As an aside, while a "biomechanical" opinion may be helpful to GEICO's defense, the Court is not persuaded that it would be helpful to the jury, which is the standard against which admissibility is judged. This is a simple, rear-end auto collision. GEICO's insured is 100 percent at fault. The plaintiff will presumably testify that her back injuries, even if related to something degenerative, did not manifest themselves until after the subject accident. The jury does not require expert testimony to judge credibility. Doctors for each side will offer medical causation testimony specific to this incident.